By the Court, Barbour, J.
The defendants claim that the agreement in question is a wager contract, and, therefore, void; and, also, that such contract is not assignable. Ho other objections to the verdict or claim were made by counsel at the hearing.
*109 The word “ sold,” in the contract, imports an absolute and complete change and transfer of the ownership of the oil from the vendor to the vendee; and I do-not find anything in the case tending to show that such was not the fact. Assuming, then, as we- may, that the word “ sold,” in its . connection, imports a declaration on the part of the defendants that their ownership has been vested by them in the purchasers, the case seems to be simply this : In consideration of the sale, and an implied agreement on the part of the vendors that they will keep and store the property until demanded at the several times mentioned, being an average of three months, the purchaser undertakes to demand the oil, in parcels, at each of those several times, or, in case, he shall fail to do so, pay to the former $1000. The motives which induced the vendors to insert that provision in the contract as a condition of the sale, do not appear. Possibly, it was to insure the withdrawal of the oil on the days mentioned, in order that their premises might, certainly, be ready for the reception of other goods; and, also, perhaps, to relieve them then from all liability as bailees, as well as upon their bond, at the custom house. It is unnecessary to speculate upon that subject, however. Looking upon the contract in this light, and considering it, merely, as an agreement on the part of the purchaser to. perform a certain act, or to pay a forfeiture in case of default, there can be no possible reason for supposing it to be a wager contract. ' It is not an agreement to pay money upon the happening or not of a contingent event, any more than would be an agreement to build a house within a limited period, or in case of failure, to forfeit and pay a certain sum.
Having thus arrived at the conclusion that the agreement is valid, it is hardly necessary to declare that the purchaser could make an assignment and transfer of his right to demand and receive the oil.
The exceptions should be overruled.
*110 Robertson, Ch. J.
The contract on which this action is founded, does not refer to any specific quantity of petroleum oil, nor was any particular lot referred to by the parties. It does not even appear that the defendants owned any oil, at the time they entered into such contract. It, therefore, did not transfer the title to any specific merchandize, but was a mere executory contract by the defendants, to sell and deliver at the rate or price therein mentioned, ■ three thousand barrels of the kind and quality of oil described therein, by installments of five hundred barrels each at intervals of fifteen days, until the whole was delivered, provided the buyers, (Fabricotte Brothers,) gave notice at such times, of their intention to receive the same. And such buyers thereby agreed to pay such price for so many of such installments as they should notify the defendants of their intention to take and should receive, and .to pay one thousand dollars for every one of such installments, which they should fail to- notify the defendants of their intention to take.
Such a contract was not necessarily a wager; because the buyers could elect to take all the merchandize agreed to be •delivered, and the sum agreed to be paid for the option of taking or refusing the merchandize was not necessarily a .sum staked upon any count. Such contracts are constantly made, and unless the contract in question is not susceptible •of any other construction; or there is extrinsic evidence to .show that the parties intended to lay a wager, by means of it, it is not objectionable. (Cassard v. Hinman, 1 Bosw. 207.)
There was nothing in this contract to deprive it of the quality of assignability. There was no agreement for the rendering of personal services, or doing any thing dependent upon personal qualities, and the price was to be paid in cash. The defendants .could demand nothing more from the buyers or their assignees, than the payment of the stipulated price, which was tendered. The right of electing to take the oil, was property capable of being transferred, *111 and included of course the right of giving notice, and all other rights flowing therefrom. .
The amount of the verdict, although it follows the highest rate of the price of oil at the different dates it was deliverable as testified to, seems not to have been objected to, and no request was made to submit the amount to the jury. I therefore, concur in overruling the exceptions, and rendering judgment for the plaintiff, for the amount of the verdict, and the costs of the hearing.